IN THE UNITED STATES DISTRICT COURT

DISTRICT OF  PUERTO RICO

EDWIN ELIAS-RIVERA       ,  /
        Petitioner,  /
                          /
vs.                        /  Case No.  99-CR-109-02(HL)
                          /
UNITED STATES OF AMERICA  /
        Respondent.  /

## MOTION TO MODIFY SENTENCE

COMES NOW, the Petitioner Edwin Elias-Rivera pro se and pursuant to Title 18 3582 (c) (2), moves the Court to modify or reduce his sentence by applying amendment 2007 to Sentencing Guidelines governing method for calculating quantity of drugs used in determining offense level and guideline range. **CANDELARIA v.U.S, 247 F.Supp.2d 125 (D.R.I. 2003). at 127..**

18 U.S.C. § 3582 provides in relevant part that:

> [t]he court may not modify a term of imprisonment once it has been imposed except that- (1) in any case-... (a) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing commission pursuant to 28 U.S.C. §994 (O), ... the Court may reduce the term of imprisonment, after considering the factors set forth in section 3553 (a) to the extent they are applicable, if such a reduction

is consistent with applicable policy statements issued by the Sentencing Commission.

Petitioner __Rivera_____ was convicted of conspiracy to possess with intent to distribute cocaine base, (Crack) in violation of 21 U.S.C. §846 and with possession with intent to distribute cocaine base,(Crack) in violation of 21 U.S.C. §841. In __1999___, pursuant to the sentencing guidelines, the district court sentenced petitioner to _200_ months imprisonment. On appeal was taken and later __Affirm____. Petitioner now files action under 18 U.S.C.A 3582 (c) (2), seeking to have his sentence reduced by applying an amendment to U.S.S.G. §2D.1(c), which adopted a new method for calculating the quantity of drugs to be used in determining the offense level and guideline range.

For __Rivera__'s original sentence, the court used the _98_ grams of cocaine base, (Crack) thus adopting the PSI which specifically found defendant responsibly for, applying the 1998 guideline. __Rivera____'s base offense was _31_; his adjusted offense level is _29__; and his applicable sentencing range _168-210_. (Exhibit A, see JNC)

If the district court used the 2 points reduction, when applying the new amendment _2007_, 1998 guideline, __Rivera___, base offense level would be 29; his adjusted offense level is 31-29; and his adjusted his applicable sentencing range would be _140_ - _175_ months rather than _168-_210_.

2

The petitioner make "note", that this is not a section 2255. At least one court has held, this precise claim is not cognizable in a §2255 action because the sentence was valid at the time of imposition, and thus, "does not give rise to a complete miscarriage of justice." **United States v. Towe,** 26 F3d 614, 616 (5th Cir. 1994.

Therefore, petitioner has properly brought this claim pursuant to 18 U.S.C. §3582(c)(2). Towe, 26 F.3d at 616; **United States v. Segler,** 37 F.3d 1131, 1134 (5th Cir. 1994); also see **United States v. Mimms,** 43 F.3d 217, at 219 (5th Cir. 1995). Section 3582 (c)(2) allows a court to reduce a defendant's sentence if the term of imprisonment was based on a guideline range that subsequently has been lowered and such a reduction would be consistent with the applicable policy statements in the guidelines. Towe, 26 F.3d at 616. The applicable policy statement provides that the amendment at issue may be applied retroactively. U.S.S.G 1B1.10, p.s. Under §3582 (c)(2), the district court has the discretion whether to reduce the sentence. **United States v. Shaw,** 30 F.3d 26, 28-29 (5th Cir. 1994).

For example, the guidelines instruct the court that "[i]n determining whether a reduction in sentence is warranted for a defendant eligible for consideration under -... §3582(c)(2), the court should consider the sentence that it would have originally imposed had the guidelines, as amended, been in affect at that time." §1B1.10(b).

3

## CONCLUSION

Based on the foregoing, the petitioner is seeking retroactive application of 2 point reduction as to the lowered guideline range Crack Cocaine Base sentence as charge.

Petitioner submits respectfully this motion is granted and appropriate application to U.S.S.G. and Petitioner present sentence is warranted reduction, in furtherance Petitioner invoking Supreme Court citing KIMBROUGH v. U.S., US.No.06-6330 dated 10/02/2007 and GALL v. U.S, US.No.06-7949 decided date 10/02/2007, whereas the Sentencing Judge have the authority to review all past or present condition and rehabilitation when imposing sentence and is permitted by U.S.S.G. § et seq. impose sentence of any condition.

Petitioner invoking same for the Court acknowledge educational course and programs while incarcerated as rehabilitation and fashion remedy as petitioner liberty interest respectfully.

Submitted this day    April,    2008

_____
Petitioner .Edwin Elias-Rivera

PROOF OF SERVICE

I Edwin Rivera-Elias, certified a true copy MOTION TO MODIFY SENTENCE served on U.S.Attorney Office 1201 Torren Bldg,350 Carlos Charon St,San Juan,P.R. 00918 Pre-Paid Postal Mail . 28 U.S.C. § 1746:

_____  17890-069
Petitioner Edwin-Elias Rivera
FEDERAL CORRECTIONAL INSTITUTION
P O BOX 779800
MIAMI FL  33177-0200

4