UNITED STATES DISTRICT COURT
JUDICIAL District of PUERTO RICO

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| Vs. | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: 99-CR-109-02 (HL) |
| EDWIN RIVERA-ELIAS<br>AKA: "CACHETE"; "INDIO" | |
| (Name of Defendant) | ROBERT MILLAN, ESQ.<br>Defendant's Attorney |

THE DEFENDANT:

[X] pleaded guilty to counts __1 & 13 on August 4, 1999.__

[ ] was found guilty on count(s) _____ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC § 841(a)(1) & 18 USC § 2; 922(g)(1) | aiding and abetting with others; conspiracy to possess with intent to distribute cocaine base, a Schedule II Narcotic Drug Controlled Substance and possession of firearms that had been transported in interstate commerce, by a person who has been previously convicted in Court of a crime punishable by imprisonment of more than 1 year. Class "C" felony. | 04-28-99 | 1 & 13 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____ and is discharged as to such count(s).

[X] Remaining counts __are__ dismissed on the motion of the United States.

[X] It is ordered that the defendant shall pay a special assessment of $100.00 for counts __1 & 13 for a total of $200.00__, which shall be due [X] immediately as follows:

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 12-19-73

U. S. Marshal No.: 17890-069

Defendant's Mailing Address:

Rojas St. #24, Sabana Seca
Toa Baja, P.R.  00952

Defendant's Residence Address:

Same as above.

November 10, 1999
Date of Imposition of Sentence

Signature of Judicial Officer

HECTOR M. LAFFITTE, CHIEF US DISTRICT JUDGE
Name & Title of Judicial Officer

November 22, 1999
DATE

AO 245 S Sheet 1 - Judgment in a Criminal Case

- 2 att. cs. te to USM & 1 sc.
- 1 att. copy to MDC

Defendant: EDWIN RIVERA-ELIAS                                         Judgment-Page 2 of 4
AKA: "CACHETE" AKA "INDIO"
Case Number: 99-109-02 (HL)

## IMPRISONMENT

IT IS THE JUDGMENT OF THE COURT THAT THE DEFENDANT, BE COMMITTED TO THE CUSTODY OF THE BUREAU OF PRISONS TO BE IMPRISONED FOR A TERM OF 200 MONTHS AS TO COUNT ONE (1) AND 120 MONTHS AS TO COUNT THIRTEEN (13). SAID TERMS ARE TO BE SERVED CONCURRENTLY WITH EACH OTHER.

[X]   The Court makes the following recommendations to the Bureau of Prisons:
      That defendant be placed in a drug rehabilitation program.
      The Court further recommends that subject to the discretion, scheduling programs and placement needs of the Bureau of Prisons, that defendant be allowed to serve his sentence in Florida or a Southern State because defendant has a metal plate in one of his arms and the cold weather affects him. The defendant should also be afforded treatment for his arm condition.

[X]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district,

      [ ]   at _____ a.m.
                  p.m. on _____

      [ ]   _____

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

      [ ]   before 2 p.m. on _____

      [ ]   as notified by the United States Marshal.

      [ ]   as notified by the Probation Office.

### RETURN

I have executed this Judgment as follows:

_____

_____

Defendant delivered on _____ to _____ at

_____ with a certified copy of this Judgment.

_____
United States Marshal

By _____
   Deputy Marshal

AO 245 S Sheet 2 - Imprisonment

Defendant: EDWIN RIVERA-ELIAS
AKA: "CACHETE"; AKA: "INDIO"
Case Number: 99-CR-109-02 (HL)

Judgment-Page 3 of 4

## SUPERVISED RELEASE

Upon release from confinement, the defendant shall e on supervised release for a term of <u>SIX (6) YEARS AS TO COUNT ONE (1) AND THREE (3) YEARS AS TO COUNT THIRTEEN (13), TO BE SERVED CONCURRENTLY WITH EACH OTHER AND UNDER THE FOLLOWING TERMS AND CONDITONS:</u>

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime, and shall observe the standard conditions of supervised release recommended by the United States Sentencing Commission and adopted by this Court.

The defendant shall not unlawfully possess a controlled substance, and shall refrain from possessing firearms, destructive devices, or other dangerous weapons.

*For offenses committed on or after September 13, 1994:*

[ ]  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[X]  The defendant shall not unlawfully possess controlled substances, and shall refrain from possessing firearms, as defined in 18 U.S.C. Section 921, or other dangerous weapons. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the is judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: EDWIN RIVERA-ELIAS
AKA: "CACHETE"; AKA: "INDIO"
Case Number:99-CR-109-02  (HL)

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release for use of a controlled substance and thereafter, as required by the U.S. Probation Officer. If any such samples detect substance abuse, that the defendant, at the discretion of the U.S. Probation Officer, participate in a substance abuse treatment program, arranged and approved by the U.S. Probation Officer, until duly discharged by authorized program personnel with the approval of the U.S. Probation Officer.

Having considered the defendant's financial condition, a fine is not imposed.



## STATEMENT OF REASONS

[ ]   The court adopts the factual findings and guideline application in the pre-sentence report.

OR

[X]   The court adopts the factual findings and guideline application in the pre-sentence report except (see attachment if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level:  31

Criminal History Category:  V

Imprisonment Range:  168 TO 210  MONTHS.

Supervised Release Range: two to three years as to Count 1 and from two to three years as to Count Thirteen.

Fine Range: $_____ to $_____

[X]   Fine is not imposed.

[ ]   Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims, pursuant to 18 USC Section 3663(d).

[ ]   For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

[ ]   Partial restitution is ordered for the following reason(s):

[ ]   The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

[X]   The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

OR

[ ]   The sentence departs from the guideline range:

   [ ]   upon motion of the government, as a result of defendant's substantial assistance.

   [ ]   for the following specific reason(s):

# Unofficial Report of Test Results
## Tests of General Educational Development

The General Educational Development Testing Service
of the American Council on Education

**Examinee:**

RIVERA, EDWIN
POBOX1029
COLEMAN, FL  33521

Date of Birth: 12/19/1973
Social Security Number: 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

Test Format: Spanish Print
Date Scored: 02/19/2001
Date Reported: 02/19/2001

Tested at: 9000120330
CHIEF EXAMINER
COLEMAN FCC - (MED)
SUPERVISOR OF EDUCATION
811 NORTHEAST, 54TH TERRACE
COLEMAN, FL  33521

Reported to: MAINE
Andrew McMahan
State Department of Education
And cult. svcs.
state house station #23
Augusta, ME  04333

| | | Test Date | Form | Standard Score | Percentile Rank |
|---|---|---|---|---|---|
| Test 1: | Writing Skills | 02/07/2001 | AX | 45 | 33 |
| Test 2: | Social Studies | 02/07/2001 | AX | 55 | 74 |
| Test 3: | Science | 02/07/2001 | AX | 50 | 52 |
| Test 4: | Interpreting Literature and the Arts | 02/07/2001 | AX | 49 | 50 |
| Test 5: | Mathematics | 02/07/2001 | AX | 43 | 19 |

The scores on this report are the *highest* scores achieved by the examinee and not necessarily the most recent. If the latest scores are lower than scores previously achieved, the retest scores are not reported.

Total Standard Score: 242
Avg. Standard Score: 48

**PASS**

Signature of Chief Examiner: _____

Copies of this report may be obtained from the GED Testing Service.
One Dupont Circle NW  Washington, DC 20036-1163  (202) 939-9490

RECEIVED FEB 23 2001

GEDR01

# Certificate of Achievement

awarded to:

**Edwin Rivera**

For the successful completion of the

**Advanced Yoga Class**

through the Wellness Program at the Recreation Department

This 31st day of October 2004

Shawn T. Sharbaugh, Supervisor of Recreation

# Certificate of Achievement

awarded to:

**Edwin Rivera**

For the successful completion of the

**Advanced Stretching & Flexibility Class**

through the Wellness Program at the Recreation Department

This 31st day of October 2004

Shawn T. Sharbaugh, Supervisor of Recreation

# Certificate of Achievement

awarded to:

## Edwin Rivera

FOR THE SUCCESSFUL PARTICIPATION OF THE
BEGINNING DANCE CLASS THROUGH THE
PHYSICAL FITNESS AND HEALTH EDUCATION PROGRAM

This 23rd day of July 2002

Signed by Gio Ramirez
Supervisor of Recreation

# Certificate of Completion

For

English as a Second Language Program

This certificate is awarded to

Edwin Rivera-Elias



_S. Normandeau_, Supervisor of Education

June 29, 2001

_K. Holloway_, ACE Coordinator

# Federal Bureau of Prisons
## FCC Coleman
### Certificate of Completion

This is to certify that

**EDWIN RIVERA**

has taken the initiative and vowed a pledge to uphold a humanistic attitude toward non-violence by completing

**THE NON-VIOLENCE TRAINING/OUTREACH PROGRAM**

at the Federal Correctional Complex, Coleman, Florida. This certificate is hereby issued this 7th day of May 2005.

Carlyle I. Holder, Warden

# Certificate of Completion

Let it be known that

## Edwin Rivera-Elias

has satisfactorily completed
the 40 hour Drug Abuse Education Class
at F.C.C. Coleman, Florida.



May 3, 2001

_Carlos Albizu-Garcia_, DAP Coordinator

# Maine High School Equivalency Diploma

Maine Department of Education

*certifies that*

EDWIN RIVERA

*has demonstrated general knowledge and educational development equivalent to that attained by high school graduates under standards approved by the State of Maine Department of Education and is hereby awarded this*

STATE HIGH SCHOOL EQUIVALENCY DIPLOMA

*having the legal status of a high school diploma*

Given at Augusta, Maine, this 27th day of February, 2001 A.D.

Certificate Number 100518

STATE ADMINISTRATOR, High School Equivalency Programs

COMMISSIONER OF EDUCATION

GED CHIEF EXAMINER, Local Test Center



U.S. Department of Justice

# UNICOR
Federal Prison Industries, Inc.

15801 S.W. 137th Avenue
Metropolitan Correctional Center
Miami, FL 33177

February 22, 2006

Inmate:     RIVERA-ELIAS, EDWIN
Reg #:      17890-069
Unit:       D
UNICOR Federal Prison Industries
FCI Miami, Florida

RE:   Incentive Award for February 2006
      **2ND PLACE AWARD**

I would like to take this opportunity to congratulate you for being selected for one of the UNICOR cash incentive awards ($10). Your supervisor has recommended you for this award and after reviewing your performance, the Industries Incentive Award Committee agrees with his/her recommendation.

The UNICOR staff and I want you to know we recognize and appreciate your dedication in the performance of your job. You have demonstrated excellent work habits along with a cooperative attitude and have assisted your supervisor in the overall goals of your department. You are a valued employee and your efforts have not gone unnoticed.

Again, congratulations on receiving this award and I encourage you to continue the fine job you have been doing.

A copy of this letter will be forwarded to your Unit Team for placement in your Central File as well as in your UNICOR File.

_R Cordero_
Rudy Cordero
Associate Warden Industries & Education


cc:   Unit Team
      UNICOR File